IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL PAUL DETTY,** | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 26-CV-0422 |
| | : | |
| **THE ESTATE OF HELEN HARM,** | : | |
|     Respondent. | : | |

**MEMORANDUM**

**COSTELLO, J.**                                                                                                                                              **JANUARY 27 , 2026**

      Michael Paul Detty initiated this action by filing a "Petition for Writ of Habeas Corpus, Challenging the Decree of Orphans' Court." (ECF No. 1). He seeks to invalidate an order of the Orphan's Court rejecting his challenge to the Last Will and Testament of his mother, Helen Harm, as a forgery. (*Id.* at 1.) He also seeks to invalidate his renunciation of his interest in his mother's estate. (*Id.*) Detty's challenges were rejected by the Pennsylvania Superior Court, *In re: Estate of Helen Harm*, No. 1702 EDA 2024 (Pa. Super. Ct.), and he "does not have any Petitions or Appeals" pending in another court on this matter. (ECF No. 1 at 5.)

      This action may not proceed because "[i]t is fundamental that federal courts must have subject matter jurisdiction before reaching the merits of a case." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). Indeed, the Federal Rules of Civil Procedure require the Court to dismiss any claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty" to raise them on their own. *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted). As Detty is representing himself, the Court construes his allegations

liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

It appears that Detty seeks to challenge the Orphan's Court's rulings as to his mother's estate by filing a Petition for a Writ of *Habeas Corpus* in this Court. However, this is not an appropriate exercise of *habeas* jurisdiction, which is available only to individuals challenging the constitutionality of their custody. *See* 28 U.S.C. § 2241(c) (extending availability of the writ to those "in custody"); *Maleng v. Cook*, 490 U.S. 488, 492 (1989) ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint . . . ."); *see also Buxton v. Mercer SCI*, No. 17-2895, 2017 WL 7805552, at *1 (3d Cir. Dec. 12, 2017) ("Federal courts have jurisdiction to consider petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States." (internal quotations omitted)). Nor is there any other basis for the Court's jurisdiction. Pursuant to the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). "[T]here are four requirements that must be met for the *Rooker-Feldman* doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* at 166 (cleaned up). Since Detty expressly asks this Court to invalidate

state court rulings decided against him prior to the initiation of this lawsuit, the Court lacks jurisdiction over his request.

In sum, Detty brings a challenge to the state courts' resolution of his mother's estate that does not belong in federal court. Accordingly, the Court will dismiss his case for lack of subject matter jurisdiction. He will not be given leave to amend in this Court because he cannot cure the jurisdictional defect.

An Order follows, which dismisses this case and denies Detty's Motion for Counsel.

**BY THE COURT:**

_____
**MARY KAY COSTELLO, J.**